United States Court of Appeals,

Eleventh Circuit.

No. 96-8217

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth WIMBUSH, Defendant-Appellant.

Jan. 22, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:95-CR-359), Frank M. Hull, Judge.

Before EDMONDSON and CARNES, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

PER CURIAM:

Kenneth Wimbush was convicted based upon a guilty plea, of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Prior to this conviction, he had been convicted on two separate occasions for crimes of violence, once for manslaughter and once for burglary of a dwelling. He was sentenced pursuant to the United States Sentencing Guidelines in effect in February of 1996, including § 2K2.1(a)(2).

Pursuant to that guideline section, because Wimbush had two prior convictions for crimes of violence, he received a base offense level of 24. He also received a two-level upward adjustment pursuant to § 2K2.1(b)(4), because the firearm he possessed was stolen. The resulting offense level of 26 was reduced two steps for acceptance of responsibility and one additional step because his guilty plea occurred approximately five months after his arrest, allowing the government to more

efficiently allocate its resources. *See* § 3E1.1(b). In calculating his criminal history, the district court considered the burglary of a dwelling and involuntary manslaughter convictions that it had previously considered in determining his base offense level. As a result of considering those convictions for criminal history purposes, Wimbush was in criminal history category V. The district court departed downward one criminal history point to category IV, because it felt that his criminal history would otherwise be overstated.

The net result of the district court's various sentencing decisions was an offense level of 23 and a criminal history category IV, resulting in a guideline range of 70 to 87 months. Wimbush actually received a sentence of 72 months imprisonment to be followed by three years of supervised release. He raises two issues in this appeal.

I.

First, Wimbush contends that § 2K2.1 of the guidelines, as amended, is invalid because the Sentencing Commission failed to explain adequately the reasons for its 1989 and 1991 amendments to that section, which amendments had the effect of substantially increasing the punishment for the offense. Under this section of the guidelines as it originally existed, a defendant in Wimbush's circumstances received a base offense level of 9; the 1989 amendment increased the base offense level to 12. U.S.S.G. app. C, amend. 189 (1989). The 1991 amendment to this section further increased the base offense level to 24 when the defendant has two prior convictions for crimes of violence, as Wimbush does.

Wimbush contends that § 2K2.1, as amended, is invalid because the Sentencing Commission promulgated the 1989 and 1991 amendments to this guideline, substantially increasing the punishment, without adequately explaining the reasons for the changes, as required by the Administrative Procedure Act ("APA"). He asserts that the Commission's statements accompanying the amendments did not explain the changes and simply noted that the revised guideline was harsher than the earlier one. As a result, he argues that his sentence, which was determined under the amended section, must be vacated. We are not persuaded.

The Commission remains fully accountable to Congress for the guidelines and amendments it implements. *Mistretta v. United States,* 488 U.S. 361, 393-94, 109 S.Ct. 647, 666, 102 L.Ed.2d 714 (1989). Congress also subjected the Commission's rule making to the notice and comment requirements of the APA. 28 U.S.C. § 994(x). However, other provisions of the APA, including those concerning judicial review, were conspicuously not made applicable to the Commission. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 181 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3364 ("It is ... not intended that the guidelines be subject to appellate review.... There is ample provision for review of the guidelines by Congress and the public; no additional review of the guidelines as a whole is either necessary or desirable."). Thus, Congress did not intend to subject the actions of the Commission to judicial review. In *United States v. Lopez,* 938 F.2d 1293 (1991), the D.C. Circuit held for these very reasons that courts lack authority to review the sufficiency of the Commission's explanation for § 5H1.1. *Id.* at

1297. In *United States v. Cooper,* 35 F.3d 1248 (1994), *vacated on other grounds,* --- U.S. ----, 115 S.Ct. 1820, 131 L.Ed.2d 742 (1995), the Eighth Circuit questioned, without deciding, whether it had the authority to review the Commission's explanation for the 1991 amendment to § 2K2.1. *Id.* at 1254-55. In light of the statute itself, and the Senate Report, we agree with the skepticism of the Eighth Circuit and the holding of the D.C. Circuit on this issue. Federal courts do not have authority to review the Commission's actions for compliance with APA provisions, at least insofar as the adequacy of the statement of the basis and purpose of an amendment is concerned.

## II.

Wimbush also contends that the use of his prior convictions for burglary and involuntary manslaughter to increase his base offense level under § 2K2.1(a)(2) and also to determine his criminal history points under § 4A1.1 constituted "impermissible double counting" of those convictions.

The crime of unlawful possession of a firearm warrants a base offense level of 24 where the defendant has two previous felony convictions for a "crime of violence." U.S.S.G. § 2K2.1(a)(2). In determining the applicable criminal history category, a defendant receives three points for a previous sentence of imprisonment greater than one year and one month. U.S.S.G. § 4A1.1(a). Thus, a prior violent crime conviction is counted once under § 2K2.1(a)(2) and again under § 4A1.1(a), and that happened in this case. But double counting a factor under different guidelines is permitted if the Commission intended that result and if "each

section concerns conceptually separate notions relating to sentencing." *United States v. Aimufua,* 935 F.2d 1199, 1201 (11th Cir.1991).

We have previously held that a defendant's prior felony conviction can be considered to determine both his base level offense under § 2K2.1(a) and his criminal history category under § 4A1.1. *United States v. Wyckoff,* 918 F.2d 925, 927 (11th Cir.1990). Our *Wyckoff* decision forecloses Wimbush's contention.

## III.

The judgment entered in this case indicates that Wimbush was convicted of "18 U.S.C. § 911(g) Possession of a Firearm by a Convicted Felon." The section reference is a scrivener's error. Section 911 involves the crime of falsely impersonating a federal officer or employee, and that statutory provision has no subsections. Wimbush was actually indicted for, pleaded guilty to, and was convicted of, violating 18 U.S.C. § 922(g), which is the provision prohibiting possession of a firearm by a convicted felon. The sentencing hearing and the arguments in this appeal concern that firearm offense, not any § 911 offense. The judgment should be amended accordingly, and we remand for that limited purpose.

## IV.

Wimbush's sentence is AFFIRMED. The case is REMANDED solely for the purpose of correcting the judgment to reflect the crime for which Wimbush was actually convicted and sentenced.