[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2007
THOMAS K. KAHN
CLERK

No. 06-11307
Non-Argument Calendar

_____

D. C. Docket No. 04-00199-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE RENARDO GLOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 20, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jamie Renardo Glover appeals his sentence of 72 months imposed on

remand for possession of a firearm by a convicted felon. <u>See</u> 18 U.S.C. § 922(g)(1). Glover argues that the district court erroneously calculated the advisory Sentencing Guidelines range and his sentence is both procedurally and substantively unreasonable. We affirm.

Glover first contends that the district court miscalculated the advisory Guidelines range by erroneously determining his criminal history score. In substance, Glover contends that the district court "double counted." Glover argues that his previous felony conviction for battery on a law enforcement officer, which served as the qualifying element for his present crime and was used to determine his base level offense under section 2K2.1(a) of the Guidelines, should not have been used in determining his criminal history points under section 4A1.1. We disagree.

Because Glover did not raise this objection before the district court, we review his argument for plain error and conclude that no error occurred. <u>United States v. Raad</u>, 406 F.3d 1322, 1323 (11th Cir.), <u>cert. denied</u>, __ U.S. __, 126 S. Ct. 196 (2005). Plain error occurs where "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." <u>Id.</u> (internal quotation marks omitted).

The district court did not err because the "double counting" was permissible. See United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997) ("[A] defendant's prior felony conviction can be considered to determine both his base level offense under § 2K2.1(a) and his criminal history category under § 4A1.1.").

Glover next contends that his sentence is procedurally unreasonable, because the district court did not follow the requirements of Booker. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006) ("After Booker, a sentence may be reviewed for procedural or substantive unreasonableness."). Glover asserts that the district court considered his criminal history, and he argues that criminal history is not a factor that may be considered in sentencing. We disagree.

We again review for plain error, because Glover did not raise his objection before the district court, and we conclude that the district court committed no error. A district court may consider the criminal history of a defendant in sentencing, because the district court must consider factors such as the history of the defendant, 18 U.S.C. § 3553(a)(1); the need to promote respect for the law, id. § 3553(a)(2)(A); and the need to protect the public from future crimes of the defendant, id. § 3553(a)(2)(C).

Lastly, Glover contends that his sentence is substantively unreasonable in the light of his criminal history. Glover refers to his "numerous automotive

3

infractions and misdemeanor encounters" and argues that his sentence of 72 months is "greater than necessary." This argument also fails.

Because Glover raised an objection before the district court that arguably encompasses this argument, we review the sentence for reasonableness, see United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005), rather than plain error. The district court considered the section 3553(a) factors, and "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), petition for cert. filed, No. 06-7352 (Oct. 19, 2006). Glover's sentence of 72 months falls at the low end of the advisory Guidelines range of 70 to 87 months of imprisonment, and we "ordinarily . . . expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 788. Glover's sentence is reasonable.

Glover's sentence is

**AFFIRMED.**