[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12893
Non-Argument Calendar
_____

D. C. Docket No. 93-00148-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS JESSE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 17, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Lewis Jesse Lee appeals the district court's judgment denying his motion for

a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court concluded that Lee was not eligible for a reduction under § 3582(c)(2) because Amendment 706 to the United States Sentencing Guidelines did not lower his base offense level. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

In February 1994, Lee was convicted in a jury trial of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846. See R1-495. The United States District Court for the Middle District of Florida determined that his base offense level would be 42 under U.S.S.G. § 2D1.1(c)(9) (Nov. 1993) because the jury found that the offense involved more than fifteen kilograms of cocaine base. See id. On the basis of this offense level, the district court sentenced him to 360 months of imprisonment. See id. In March 2005, Lee was resentenced to 262 months of imprisonment because Amendment 505 to the sentencing guidelines reduced the base offense level for offenses which involved more than 1.5 kilograms of cocaine from 42 to 38. See U.S.S.G. App. C, Amend. 505 (Nov. 2004).

In November 2007, the Sentencing Commission issued Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to provide a two-level reduction in the base offense levels for particular crack cocaine offenses. See

U.S.S.G. App. C, Amend. 706 (Nov. 2007). The Commission made this amendment retroactively applicable effective 3 March 2008. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment). As a result of these amendments, defendants who were responsible for between 1.5 and less than 4.5 kilograms of crack would have their base offense levels reduced from 38 to 36. See U.S.S.G. § 2D1.1(c)(1). Those who were responsible for 4.5 or more kilograms, though, would still have a base offense level of 38. See id.

In March 2008, in response to the district court's sua sponte inquiry regarding the effect of Amendments 706 and 713, Lee filed a motion seeking a sentence reduction. The district court denied his motion on 5 May 2008, finding that those amendments did not have the effect of lowering his base offense level. See R1-856. Any sentence reduction thus would be both unauthorized by the guidelines and inconsistent with the policy behind them. Lee has appealed this decision.

## II. DISCUSSION

For proceedings involving sentence modifications under 18 U.S.C. § 3582(c)(2), "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v.

3

White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). The decision whether to reduce a sentence pursuant to that statute is reviewed for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Additionally, we review issues raised for the first time on appeal for plain error. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam). Plain error exists if there was "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation marks omitted).

A defendant can only have his sentence modified based on a retroactive amendment to the sentencing guidelines if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(2)(B) (forbidding sentence reduction if an amendment does not have the effect of lowering the defendant's applicable guideline range). Lee acknowledges that Amendment 706 did not lower his base offense level, but contends that the Commission effectively did so by reducing all base offense levels for crack cocaine offenders. Since some individuals originally classified as offense level 38, i.e.

those responsible for 1.5 to less than 4.5 kilograms of crack cocaine, had their offense levels reduced, the Commission, in effect, allegedly lowered the sentencing range for level 38 offenders in general. Additionally, he notes that, under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the sentencing guidelines are merely advisory, thereby permitting a court to exercise its discretion in imposing a sentence. He therefore asserts that Booker, in essence, lowered all sentencing ranges by deeming them advisory rather than mandatory.[1]

According to Lee, since the court was free to reject any sentencing guidelines or policy statements after Booker, it should not have applied U.S.S.G. § 1B1.10 to bar his sentence because that policy statement was inconsistent with 28 U.S.C. §§ 991(b)(1)(B) and 994(a)(2)(c). He reads those statutes to forbid the Sentencing Commission from issuing policy statements that are inconsistent with the general purposes behind 18 U.S.C. § 3553(a)(2), including avoidance of sentencing disparities between similarly-situated defendants. Although the Commission enacted Amendment 706 to reduce the disparity between sentences for offenses involving crack cocaine and powder cocaine, it did not have this effect on those held responsible for more than 4.5 kilograms of crack cocaine. Additionally, the Commission failed to explain why this group was not entitled to a

---

[1] He did not make this Booker-based argument before the district court, thus we evaluate it for plain error. See Moreno, 421 F.3d at 1220.

5

reduction. The amendment, he concludes, was therefore inconsistent with the aforementioned statutes, and courts addressing sentence reduction motions for those crack cocaine offenders to whom the amendment did not facially apply should consider the amendment's general goals rather than its actual application. In other words, the district court could have deemed inapplicable U.S.S.G. § 1B1.10(a)(2), which provides that a sentencing reduction can be made under § 3582 only if the amendment would lower the defendant's guideline range. The court thus had the authority to reduce his sentence based on Amendments 706 and 713 and § 3582(c)(2) and its refusal to do so was inconsistent with the policy behind Amendment 706.

We find all of these arguments unpersuasive. We have previously rejected these Booker-related arguments in United States v. Jones, — F.3d —, No. 08-13298, 2008 WL 4934033 (11th Cir. Nov. 19, 2008). In that case, we rejected a sentence reduction based on Amendment 706 and Booker for a defendant who, like Jones, was responsible for more than 4.5 kilograms of crack cocaine. See id. at —, *2. We noted that the non-mandatory nature of sentences post-Booker does not make such defendants eligible for a § 3582(c)(2) reduction since that statute only applies when a particular defendant had his sentencing range lowered, rather than when other defendants with the same original offense level had their ranges

6

lowered. See id. at —, *1; United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000) (noting that a sentence reduction would be permissible only when "that defendant" had a sentence based on a subsequently-lowered sentencing range). Since neither Lee's offense level nor his sentencing range actually was lowered by Amendments 706 and 713, he would not be eligible for a reduction based on their enactment. Further, a defendant can receive a § 3582(c)(2) sentence reduction only if the Sentencing Commission, rather than a court, lowered his sentencing range. See Jones, at —, 2008 WL 4934033 at *2. Booker therefore is "inapplicable to § 3582(c)(2) motions" because it was a Supreme Court decision rather than an action by the Sentencing Commission. Moreno, 421 F.3d at 1220. Accordingly, the district court did not plainly err by refusing to find that Booker provides a basis for jurisdiction under § 3582(c). See id. at 1220–21.

Lee's argument regarding the actual effect of Amendment 706 is unavailing for much the same reason. The district court only has jurisdiction to reduce a defendant's sentence if an amendment actually lowers his sentencing range, regardless of whether the policy behind the amendment arguably impacted the defendant. See 18 U.S.C. § 3582(c)(2). Additionally, even if the court had jurisdiction, we generally do not second-guess the Commission's rationale for a guidelines amendment. See United States v. Wimbush, 103 F.3d 968, 970 (11th

7

Cir. 1997) (per curiam) (holding that federal courts lack the authority to review the Sentencing Commission's actions for compliance with the Administrative Procedures Act insofar as the adequacy of the statement of the basis and purpose of a guideline amendment is concerned). Accordingly, the district court correctly found that Lee was not entitled to a sentence reduction based on Amendment 706.

## III. CONCLUSION

The district court properly denied Lee's motion for a sentence reduction based on Amendment 706. The court lacked jurisdiction to reduce his sentence because his guideline range was not changed by Amendment 706, a situation unaffected by the purported policy for the amendment. Additionally, the court did not plainly err regarding whether Booker provided a basis for a § 3582(c)(2) reduction. Accordingly, we AFFIRM the district court's denial of Lee's motion.

**AFFIRMED.**