[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10286
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cr-00154-VEH-PWG-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE PRESSLEY,
EURICA PRESSLEY,
a.k.a. Eurica Gadson,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 2, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

A jury convicted Eddie Pressley and his wife, Eurica Pressley, for numerous offenses stemming from their involvement in a scheme to direct to a specific individual, Terry Hall, government orders for bottled water for troops in Iraq and Afghanistan in exchange for bribes and kickbacks.  The Pressleys were each convicted of one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371; one count of bribery, in violation of 18 U.S.C. § 201(b)(2)(A); eight counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and eleven counts of engaging in monetary transactions with criminal proceeds, in violation of 18 U.S.C. § 1957.  On appeal, the Pressleys challenge their convictions on multiple grounds, which we address in turn.

*Sufficiency of the Evidence*

Eurica contends insufficient evidence supported her convictions because the Government did not prove she knew the unlawful purpose of the bribery scheme. Eurica maintains no evidence demonstrated that she knew she was furthering or participating in a bribery scheme, rather than helping Eddie receive compensation from Hall for consulting work.  We review *de novo* whether sufficient evidence supported the jury's verdict.  *See United States v. Cochran*, 683 F.3d 1314, 1321 (11th Cir. 2012).  We will affirm a verdict "if a reasonable trier of fact could

2

conclude that the evidence establishes guilt beyond a reasonable doubt." *Id.* at 1322.

Viewed in the light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in the Government's favor, ample evidence supported Eurica's convictions. *See id.* at 1321. Witnesses testified that Eddie used his position as a contracting specialist for the U.S. Army to direct orders for bottled water, as well as the construction of a fence, to Hall in exchange for payments to him and Major John Cockerham. Eddie also directed orders to Hall in return for Hall receiving bribes from other contractors on Eddie's behalf. In order to conceal the scheme, instead of paying Eddie directly, Hall transferred over $2.7 million to foreign bank accounts that Eurica opened and managed. Further, Eurica used a fake consulting company and created invoices and emails regarding services that were never rendered to provide a veneer of legitimacy to the transfers. During the subsequent investigation into the bribery scheme, Eurica lied about her consulting company, her foreign bank accounts, and the relationship between Hall and Eddie. Based on the abundant circumstantial evidence, a reasonable juror could conclude Eurica possessed the requisite mental state for each of her crimes, and was guilty beyond a reasonable doubt. *See id.* at 1322; *see also United States v. McNair*, 605 F.3d 1152, 1196 (explaining that "[i]t is not necessary for the government to prove that a defendant knew every detail or

3

that [s]he participated in every stage of the conspiracy," and "a common purpose or plan may be inferred from a development and collocation of circumstances." (quotations and alterations omitted)).

*Government's Opening Statements and Closing Arguments*

The Pressleys jointly argue that the prosecutor made improper comments during opening statements and closing arguments by asserting and insinuating that the bribery scheme endangered the lives of U.S. soldiers and cost the Government and American taxpayers money.

Evaluating the prosecutor's comments in the context of the trial as a whole and assessing their probable impact on the jury, we conclude the Pressleys' substantial rights were not prejudicially affected. *See United States v. Lopez,* 590 F.3d 1238, 1256 (11th Cir. 2009).[1]  The record contained overwhelming evidence of the Pressleys' guilt, and, furthermore, the district court instructed the jury that the attorneys' arguments were not evidence.  The court also remedied any potential harm from the comments by instructing the jurors that their decision was to be based only on the evidence adduced at trial.  *See id.* ("Because statements and arguments of counsel are not evidence, improper statements can be rectified by the

---

[1] Because we conclude the Pressleys are not entitled to relief on the basis of prosecutorial misconduct, we need not decide whether this issue was properly preserved or whether we review only for plain error, as the Government contends.

district court's instruction to the jury that only the evidence in the case be considered." (quotation omitted)).

*Plea Agreements*

The Pressleys next argue that it was improper for the Government to enter into plea agreements with Hall and other witnesses that restricted the availability of the witnesses to the defense.  Specifically, they contest the propriety of a provision requiring that "[t]he [witness who entered into the agreement] shall not reveal his cooperation, or any information derived therefrom, to any person other than his attorneys of record in this criminal case without the prior consent of the Government."  They contend the provisions violated their due process rights and the Alabama Rules of Professional Conduct, and, consequently, they are entitled to a new trial.

The Pressleys, however, have not argued or demonstrated that they sought to obtain information from Government witnesses but were prevented from doing so because of the witnesses' plea agreements.  Nor have the Pressleys contended that they objected to the alleged limitation on their ability to obtain information prior to or during the course of the trial proceedings.  In fact, the Pressleys concede that their arguments regarding the plea agreements are subject to plain error review.

Under the plain error standard, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."

5

*United States v. Olano*, 507 U.S. 725, 734 (1993); *see also United States v.*

*Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).  As we have explained:

> the burden truly is on the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.

*Rodriguez*, 398 F.3d at 1300.  The Pressleys run afoul of this principle, contending

in their brief on appeal that there was a "possibility" or "probability" that the

witnesses "may have had new information."  The Pressleys do not identify what

information they were prevented from obtaining, or how the trial would have been

different in the absence of the challenged provisions.  Given the speculative nature

of the Pressleys' assertions, it is uncertain what effect, if any, the alleged error had

on the outcome of the proceedings, and they have not established that, but for the

challenged provisions, there was a reasonable probability the outcome of the trial

would have been different.  *See id.* at 1299.  As such, the Pressleys are not entitled

to relief on this claim.[2]

----

[2] Even if we considered this claim on the merits, "[t]his circuit has made clear that appellants seeking reversal on the basis of prosecutorially-impaired access to witnesses must allege specific demonstrable prejudice in order to set forth a constitutional claim," and "[h]ypothetical or generalized prejudice is insufficient."  *United States v. Pepe*, 747 F.2d 632, 654-55 (11th Cir. 1984).  The Presselys have not alleged the requisite prejudice with anything approaching the necessary level of specificity.

Additionally, in the absence of prejudice, any ethical breach committed by the Government lawyers would be a matter for individual discipline, not an independent basis for a new trial.  *Cf. United States v. Lowery*, 166 F.3d 1119, 1124-25 (11th Cir. 1999) (holding that state rules of professional conduct and district court rules incorporating such state rules did not provide a basis for suppressing evidence).

*Honest Services Wire Fraud*

Finally, Eddie argues that his convictions for honest services wire fraud should be reversed because he may have been convicted on a legally erroneous theory, as *Skilling v. United States*, 130 S. Ct. 2896 (2010), establishes that wire fraud does not include an undisclosed conflict of interest component. Eddie maintains it is possible he was convicted based on an undisclosed conflict of interest theory because he received a general verdict and the indictment and jury instructions both mentioned self-dealing as a basis for convicting him of honest services fraud.

The Supreme Court has held that "constitutional error occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may rest on a legally invalid theory." *Skilling*, 130 S. Ct. at 2934 (citing *Yates v. United States*, 354 U.S. 298 (1957)); *see also United States v. Verbitskaya*, 406 F.3d 1324, 1332 (11th Cir. 2005). Any error in this case arising from the district court's reference to self-dealing, however, was harmless. *See Skilling*, 130 S. Ct. at 2934 ("[E]rrors of the *Yates* variety are subject to harmless-error analysis."). The focus of the indictment and the overwhelming evidence at trial related to a bribery scheme. The jury, moreover, convicted Eddie of both bribery and a conspiracy to commit bribery. This case was presented and litigated as a bribery and kickback

7

honest services fraud case, and we are convinced any error was harmless. Accordingly, Eddie is not entitled to relief on this claim.

*Conclusion*

For the foregoing reasons, we affirm the Pressleys' convictions. We note, however, that Count 3 of the superseding indictment charged the Pressleys with bribery in violation of 18 U.S.C. § 201(b)(2)(A), while their judgments reflect that they were convicted of bribery in violation of 18 U.S.C. § 201(b)(1)(A). Accordingly, we remand for the limited purpose of correcting the judgments. *See United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997) (affirming a defendant's sentence while remanding for the limited purpose of correcting a scrivener's error).

**AFFIRMED and REMANDED with instructions.**

8