[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12434
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00143-MMH-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC LAMAR MENTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 20, 2014)


Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Eric Menter appeals his sentence of 120 months' imprisonment following his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  Menter argues his sentence was both procedurally unreasonable, because the district court failed to consider the Sentencing Commission's policy statements regarding departures, and substantively unreasonable, pointing to the fact that he was sentenced to the statutory maximum, well above his advisory guideline range of 30 to 37 months.  Upon review,[1] we conclude that while the district court may have committed a procedural error, this error was harmless, and we therefore affirm Menter's sentence.[2]

In evaluating the reasonableness of a sentence, we first consider its procedural reasonableness and then turn to its substance.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  To render a procedurally reasonable sentence, a district court must, *inter alia*, properly consult the United States Sentencing Guidelines.  *Id.* at 50-51.  Amendment 741 to the Sentencing Guidelines directs courts, after having determined a defendant's appropriate guideline range, to then determine

---

[1] Generally, we review a defendant's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and remand if we conclude that an error was not harmless, *Williams v. United States*, 503 U.S. 193, 203 (1992).  Although a more lenient standard may apply if the defendant did not raise the same argument before the district court, *see United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010), we need not determine whether Menter preserved the specific arguments he raises on appeal because we can affirm under either standard.  *See United States v. Jackson*, 613 F.3d 1305, 1307 n.1 (11th Cir. 2010).

[2] Although we affirm the substance of Menter's sentence, we will remand to the district court for the limited purpose of correcting a scrivener's error in the written judgment.

whether a departure is warranted.  U.S.S.G. App. C, amend. 741 ("Reason for Amendment").  While we have not addressed Amendment 741, in *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005), we addressed the prior version of § 1B1.1, noting that the then-existing last step of the sentencing process required the sentencing court to address relevant policy statements and departures.  We stated that the application of the Sentencing Guidelines was not complete until any applicable departures were "appropriately considered" and that, "[i]f the district court failed in this endeavor, it by necessity failed to properly consider the guidelines."  *Id.*

In light of *Jordi*, it is possible the district court erred by neglecting to consider the applicability of departures or policy statements.  However, any such error was harmless because the district court's lengthy explanation of its decision to vary Menter's sentence upward gives us "fair assurance" that it would have sentenced Menter at the statutory maximum even had it considered the relevant departures first.  *See United States v. Mathenia*, 409 F.3d 1289, 1292-93 (11th Cir. 2005).  The district court repeatedly stated that even the statutory maximum was insufficient to satisfy the purposes of sentencing and indicated that it would have imposed a higher sentence were it not limited by the statutory maximum.

Turning then to the sentence's substantive reasonableness, the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the

3

purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  District courts have "wide discretion to decide whether the section 3553(a) factors justify a variance." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (en banc) (citation omitted).  Nevertheless, we will only vacate a sentence involving an upward variance if we are left with the "definite and firm conviction" that the district court clearly erred in weighing the § 3553(a) factors and that the defendant's sentence was outside the range of reasonable sentences dictated by the facts.  *Id.* at 1190 (quotation omitted).

Menter's sentence was substantively reasonable.  Although his 120-month sentence represented a significant variance from the 30-to-37-month guideline range, the district court did not fail to consider any relevant factors that were due

4

significant weight, nor did it commit any clear error of judgment in its consideration of the proper factors. Moreover, while the district court placed great weight on Menter's criminal history, it also expressly considered the need for Menter's sentence to reflect the seriousness of his offense, to promote respect for the law, to deter Menter from committing additional crimes, and to protect the public. *See Irey*, 612 F.3d at 1189. Accordingly, we are not left with a "definite and firm conviction" that Menter's sentence reflected any clear error of judgment, and we must therefore affirm. *Id.* at 1190; *see also United States v. Shaw*, 560 F.3d 1230, 1240 (affirming a district court's decision to vary upward from the guideline range to the statutory maximum primarily due to a defendant's extensive criminal history).

Although we affirm the sentence imposed by the district court, we note that the judgment incorrectly indicates Menter was convicted of violating 18 U.S.C. § 924(e), which establishes enhanced penalties for armed career criminals. We therefore remand to the district court for the limited purpose of correcting this scrivener's error. *See, e.g.*, *United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997).

**AFFIRMED, AND REMANDED FOR CORRECTION OF THE WRITTEN JUDGMENT.**