[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15504
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00050-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS RAY CASTLEBERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 27, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Douglas Ray Castleberry appeals his 235-month sentence for attempted enticement of a minor, 18 U.S.C. § 2422(b).  In calculating his offense level, the district court imposed a five-level enhancement for engaging in a pattern of activity involving prohibited sexual conduct, United States Sentencing Guidelines § 4B1.5(b)(1).  The district court held that two internet chats Castleberry had with minors in September 2011 amounted to a pattern under § 4B1.5(b)(1).  On appeal, Castleberry argues that this was error for three reasons: (1) the chats occurred contemporaneously with the offense of conviction; (2) the chats were contemporaneous with one another; and (3) he was never charged or convicted of any crime for the chats.  Alternatively, he contends that § 4B1.5(b)(1) is arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).[1]  We affirm.

When considering guidelines issues, we review legal questions de novo, factual findings for clear error, and application of the guidelines to the facts with due deference to the discretion of the district judge.  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010).  But we review only for plain error objections raised for the first time on appeal.  United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993).

---

[1] Castleberry also summarily argues that § 4B1.5(b)(1) is unconstitutional.  But because he has failed to cite any constitutional provision or offer any legal argument in support of this claim, he has waived it.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); see also Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318–19 (11th Cir. 2012).

2

Section 4B1.5(b) provides a five-point offense-level increase if

> the defendant's instant offense of conviction is a covered sex crime,[2] neither [the career-offender enhancement in] § 4B1.1 nor [the repeat-offender enhancement in § 4B1.5(a)] applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct.[3]

A "pattern of activity involving prohibited sexual conduct" exists if, on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor. USSG § 4B1.5, cmt. n.4(B)(i).

Castleberry did not make in the district court any of the arguments he now raises on appeal, so we review his arguments only for plain error. He has shown no error, let alone plain error.

Castleberry first argues that the chats were contemporaneous with the offense conduct, and thus did not occur on a separate occasion. This argument is belied by the undisputed record. The district court justified the enhancement based on two chats occurring in September 2011. And the offense conduct occurred over a year later, in November 2012. The events were wholly separate.

Castleberry next argues that the two chats occurred together, as part of one occasion, and that one occasion of prohibited sexual conduct cannot create a pattern. Even if the factual predicate of this argument were true, it would not make

---

[2] A "covered sex crime" includes an attempt to commit an offense against a minor in violation of § 2422. See USSG § 4B1.5, cmt. n.2(A)(iii), (B).

[3] "Prohibited sexual conduct" includes a violation of § 2422. See id., cmt. n.4(A)(i).

3

a difference.  If the offense of conviction qualifies as "prohibited sexual conduct," the pattern-of-activity enhancement is available if the district court finds only <u>one</u> additional occasion of prohibited sexual conduct.  <u>Rothenberg</u>, 610 F.3d at 625 n.5.  Even if the chats together were only one occasion, they created a pattern when combined with the offense conduct.

Third, Castleberry argues that the chats could not justify the enhancement because he was not charged or convicted of any offense related to the chats.  It is clear under both the guidelines and our precedent that a defendant's conduct need not result in a conviction in order for a district court to consider occasions of prohibited sexual conduct.  <u>See</u> § 4B1.5, cmt. n.4(B)(ii)(II); <u>Rothenberg</u>, 610 F.3d at 625 n.5.

Finally, Castleberry alternatively argues that § 4B1.5(b)(1) is arbitrary and capricious in violation of the APA.  We lack the authority to review this argument, because the APA's judicial-review provisions do not apply to the sentencing guidelines.  <u>See</u> <u>United States v. Wimbush</u>, 103 F.3d 968, 969–70 (11th Cir. 1997) (per curiam) ("Federal courts do not have authority to review the Commission's actions for compliance with APA provisions, at least insofar as the adequacy of the statement of the basis and purpose of an amendment is concerned."); <u>United States v. Handy</u>, 570 F. Supp. 2d 437, 465–66 (E.D.N.Y. 2008) (Weinstein, J.) ("Challenges to a particular Guideline as 'arbitrary and capricious' and defendants'

4

attempts to enforce the procedures that bind the Sentencing Commission under the familiar administrative law framework are foreclosed by current appellate cases." (collecting cases, including Wimbush)).

**AFFIRMED.**