[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12016

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON MIQUEL LEWIS,
a.k.a. Brandon Lewis,
a.k.a. Brandon M. Lewis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:03-cr-00433-TWT-JKL-1

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Brandon Miquel Lewis, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).[1]  The judgment of conviction states that Lewis was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii), which, if true, means he is eligible for a sentence reduction under the First Step Act.  But the record makes clear that the citation to § 841(b)(1)(A)(iii) was simply a clerical error and that Lewis was actually convicted and sentenced under 21 U.S.C. § 841(b)(1)(C).  Because the Supreme Court in *Terry v. United States*, 141 S. Ct. 1858 (2021), recently held that offenses subject to § 841(b)(1)(C)'s penalties are not eligible for a sentence reduction under the First Step Act, we affirm the denial of Lewis's motion.

We also reject Lewis's challenge, raised for the first time on appeal, to the legality of his sentence for violating 18 U.S.C. § 922(g).  Lewis's sentence on that conviction was enhanced based on prior convictions under the Armed Career Criminal Act, 18

_____

[1] The government has moved for summary affirmance and for a stay of the briefing schedule.  We **DENY** the government's motion but **GRANT** the government's alternative request to treat that motion as its responsive brief.

U.S.C. § 924(e).  The district court was not authorized to grant Lewis the relief he sought, and he cannot establish plain error, regardless.  We affirm.

## I.

In 2004, a grand jury charged Lewis with one count of possession of a firearm after a felony conviction, 18 U.S.C. § 922(g)(1) (Count 1), one count of possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1) (Count 2), and one count of possession of a firearm in furtherance of a drug-trafficking crime, *id.* § 924(c) (Count 3).  Before trial, the government filed notice of its intent to rely on four prior felony drug convictions to enhance Lewis's sentence.  *See id.* § 851(a).

Lewis pled guilty to Counts 1 and 2 under a written plea agreement, and Count 3 was dismissed.  According to the plea agreement, and confirmed by the parties at the plea hearing, Count 1 was subject to a statutory range of fifteen years to life, based on the armed-career-criminal enhancement, 18 U.S.C. § 924(e), while Count 2 carried a thirty-year maximum and no mandatory minimum.  The plea agreement did not specify the quantity of cocaine base involved in Count 2, nor did the government list drug quantity as an element of that offense during the plea colloquy.  It is undisputed that Count 2 involved less than two grams of cocaine base.

Lewis's presentence investigation report ("PSR") recommended a guideline imprisonment range of 188 to 235 months.

The PSR initially applied a base offense level of 18 for Count 2 based on a quantity of less than two grams of cocaine base. But Lewis's final guideline range was instead determined by either the career-offender or armed-career-criminal guidelines, minus a reduction for acceptance of responsibility, which generated the same total offense level of 31. *See* U.S.S.G. § 4B1.1(b)(2) (offense level 34); *id.* § 4B1.4(b)(3)(A) (same). Lewis qualified for the highest criminal-history category of VI based on both prior convictions and his career-offender status. As relevant here, the PSR also stated that Count 2—which it defined as "Possession with Intent to Distribute Less Than Two Grams of Cocaine Base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 851," a Class B felony—was subject to a maximum penalty of thirty years and no mandatory minimum.

The district court adopted the PSR's guideline calculations without objection and then sentenced Lewis to 188 months on each count, to run concurrently, followed by a five-year term of supervised release. Before imposing sentence, the court stated, consistent with the plea agreement and the PSR, that the statutory range for Count 2 was up to thirty years in prison, with no mandatory minimum. The judgment memorializing the sentence reflected that Lewis was convicted and sentenced under "21 USC §§ 841(a)(1), 841(b)(A)(iii) and 852" for "Possession with Intent to Distribute Less than two grams of Cocaine Base."

In December 2015, Lewis filed a motion under 28 U.S.C. § 2255 arguing that his ACCA-enhanced sentence was illegal because, in his view, recent Supreme Court decisions meant his prior

convictions no longer qualified as valid predicate offenses. The district court denied the motion as untimely.

In August 2021, following Lewis's release from prison in June 2019, he was found in possession of approximately 100 pills containing fentanyl. The district court revoked Lewis's supervised release and sentenced him to an additional 60 months in prison. The court found that a 60-month sentence, the statutory maximum, was appropriate, given the dangerousness of Lewis's new criminal conduct, his criminal history, and his failure to accept responsibility. We affirmed. *See United States v. Lewis*, No. 21-12785, 2022 WL 797445 (11th Cir. Mar. 16, 2022).

Soon after we affirmed his revocation sentence, Lewis filed a motion for a sentence reduction under § 404(b) of the First Step Act. The government opposed the motion, contending that the Fair Sentencing Act had no effect on his statutory range because he was actually sentenced under § 841(b)(1)(C), not § 841(b)(1)(A) as referenced in the judgment.

The district court denied Lewis's First Step Act motion. It agreed with the government that Lewis was not eligible for a reduction because he had been convicted and sentenced under § 841(b)(1)(C), which was not affected by the Fair Sentencing Act. The court also found that Lewis's request was moot because, regardless of whether the court were able to grant it, it would have no effect on his identical sentence for the § 922(g) firearm offense. Finally, noting that any reduction was discretionary, the court

determined that the 18 U.S.C. § 3553(a) sentencing factors did not warrant relief.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). The court "has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). The First Step Act empowers district courts to modify criminal sentences as provided in the Act. *United States v. Edwards*, 997 F.3d 1115, 1120 (11th Cir. 2021).

Section 404(b) of the First Step Act permits district court to reduce "a sentence for a covered offense." First Step Act, § 404(b). A defendant has a "covered offense" if certain provisions of the Fair Sentencing Act of 2010 modified the statutory penalties for his offense. *Id.*, § 404(a); *Terry*, 141 S. Ct. at 1862.

In relevant part, the Fair Sentencing Act amended 21 U.S.C. § 841(b) to reduce the penalties for offenses involving cocaine base (crack cocaine). *See* Pub. L. 111-220, 124 Stat 2372 (2010). Section 841(b)(1) defines three penalty tiers for offenses involving possession with intent to distribute crack cocaine. The first two penalty tiers, which carry mandatory minimums, are triggered by certain drug quantities. Before 2010, 50 grams of crack cocaine triggered the highest penalties in subparagraph (A), with a mandatory minimum of at least 10 years, 21 U.S.C. § 841(b)(1)(A)(iii) (2004), while

5 grams of crack cocaine triggered the intermediate penalties in subparagraph (B), with a mandatory minimum of at least 5 years, *id.* § 841(b)(1)(B)(iii) (2004). The Fair Sentencing Act changed the threshold quantities in these provisions to 280 and 28 grams, respectively. Fair Sentencing Act, § 2. But it made no changes to the third tier of penalties in subparagraph (C), which does not depend on drug quantity and has no mandatory minimum, 21 U.S.C. § 841(b)(1)(C). *See Terry*, 141 S. Ct. at 1862–63 (stating that "quantity has never been an element" under subparagraph (C)). The First Step Act made these reduced penalties available for the first time to defendants, like Lewis, who were sentenced before the Fair Sentencing Act's enactment. *See Dorsey v. United States*, 567 U.S. 260, 263–64 (2012).

In *Terry*, the Supreme Court held that the "Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory minimum-penalties"—and not subparagraph (C) offenses. *Terry*, 141 S. Ct. at 1863–64. Because the Fair Sentencing Act did not modify the penalties for subparagraph (C), convictions under it are not "covered offense[s]," and a person convicted and sentenced under that provision is not eligible for a reduction under the First Step Act. *Id.* at 1862–63.

## III.

The district court correctly concluded that Lewis was not eligible for a sentence reduction under § 404(b) of the First Step Act because his offense did not trigger a mandatory minimum. To be

sure, Lewis's criminal judgment—mirroring the PSR—reflects that he was convicted and sentenced under § 841(b)(1)(A)(iii), which ordinarily counts as a "covered offense." *Terry*, 141 S. Ct. at 1863–64. But the record as a whole leaves no doubt that the judgment's citation to subparagraph (A) was simply a clerical error, and that Lewis was actually convicted and sentenced under subparagraph (C) instead. That means his is not a "covered offense" and so is not eligible for First Step Act relief. *See id.*

Here, the record clearly establishes that Lewis's Count 2 offense was not subject to the higher penalties in subparagraphs (A) or (B). If those penalties had been at play, Lewis would have faced a mandatory minimum of at least five years. Yet throughout the relevant proceedings below—in the plea agreement, during the plea colloquy, and at sentencing—the parties and the district court treated Count 2 as subject to a statutory range of zero to thirty years. That range, in turn, tracks the enhanced recidivist penalties in subparagraph (C). Plus, Lewis did not admit to possessing any particular quantity of cocaine base, which is an element of offenses under subparagraphs (A) and (B), but not subparagraph (C).[2] *Terry*, 141 S. Ct. at 1862–63. And the judgment, the PSR, and the plea colloquy all reflect that Lewis was held accountable for less than two grams of crack cocaine, an amount insufficient to trigger

---

[2] *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.")

the higher penalties in subparagraphs (A) and (B).  We therefore hold, contrary to the judgment's erroneous citation, that Lewis was convicted and sentenced under subparagraph (C).

Because the Fair Sentencing Act did not modify the statutory penalties for subparagraph (C) offenses, Lewis was not convicted of a covered offense, and he is not eligible for a sentence reduction under the First Step Act.  *Terry*, 141 S. Ct. at 1863–64.  The cases Lewis cites in support of his argument to the contrary predate *Terry* and *Terry*'s reasoning directly abrogates them.  *Id.*  Accordingly, the district court properly found that Lewis was not eligible for a sentence reduction.  We affirm on this ground without addressing the court's other reasons for denial.

Although we affirm the sentence, we remand to the district court solely for the limited purpose of correcting typographical errors in the judgment.  *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006) ("We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors."); *United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997) (remanding for the limited purpose of correcting a typographical error in the judgment).  As we just explained, the judgment incorrectly lists § 841(b)(1)(A)(iii) as the basis for Lewis's conviction and sentence, when the record makes clear that § 841(b)(1)(C) is the correct provision.  The judgment also mistakenly cites 21 U.S.C. § 852, concerning international agreements, instead of the correct 21 U.S.C. § 851, relating to enhancements based on prior convictions.

## IV.

For the first time on appeal, Lewis also argues that, after the First Step Act, his prior drug convictions no longer qualify as valid predicate "serious drug offenses" supporting the ACCA sentence enhancement for his § 922(g) conviction. *See* 18 U.S.C. § 924(e).

In support, Lewis relies on § 401 of the First Step Act, which changed the type of prior offenses that can trigger some enhanced penalties in 21 U.S.C. § 841(b) from "felony drug offenses" to "serious drug felonies." First Step Act, § 401(a), 132 Stat. at 5220–21. It also defined "serious drug felony" to mean "an offense described in section 924(e)(2)"—that is, the ACCA's definition of "serious drug offense"—"for which (A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." *Id.* In Lewis's view, these two temporal requirements for "serious drug felonies" under § 841 also apply to "serious drug offenses" under the ACCA, such that he now lacks qualifying prior convictions.

Because this argument was not raised below, we review for plain error only. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020). "An error is plain if it is 'clear' or 'obvious,'—that is, if the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue." *Id.* (cleaned up). Lewis cannot show plain error.

Here, the district court lacked the authority to grant relief from Lewis's ACCA-enhanced sentence. *See Puentes*, 803 F.3d at 605–06 (stating that district courts may modify a sentence "only when authorized by a statute or rule"). For starters, no relief was authorized under § 404, as outlined above, because Lewis's sentence for unlawfully possessing a firearm under § 922(g) has nothing to do with the Fair Sentencing Act. In addition, nothing in § 401 authorizes courts to apply its amendments to sentences imposed well before the amendments became law. *See* First Step Act, § 401(c) (stating that the amendments apply only if "a sentence for the offense has not been imposed" as of the date of the Act's enactment).

Rather, Lewis's claim falls within the general scope of collateral review under 28 U.S.C. § 2255, as he seems to acknowledge in his briefing. But because Lewis previously filed a § 2255 motion that was denied in 2016, it appears he would be subject to restrictions on second or successive motions, including the need to request and obtain prior authorization from this Court before raising the claim in the district court. *See* 28 U.S.C. § 2255(h); *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) (noting that a "second or successive" § 2255 motion "must be certified by the court of appeals before the district court may reach the merits of the motion").

## V.

For these reasons, we affirm the denial of Lewis's motion for a sentence reduction under § 404(b) the First Step Act. We remand

solely for the limited purpose of correcting the judgment to reflect the crime for which Lewis was actually convicted and sentenced: possession with intent to distribute cocaine base under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851. *See Massey*, 443 F.3d at 822; *Wimbush*, 103 F.3d at 970.

**AFFIRMED. REMANDED for the limited purpose of correcting clerical errors in the judgment.**