[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12565

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY MICHAEL LEE POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cr-00265-LCB-HNJ-1

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Jeremy Michael Lee Powell appeals his 600-month total sentence, to be followed by a life term of supervised release, imposed following his guilty plea conviction for two counts of producing child pornography, 18 U.S.C. § 2251(a) & (e). On appeal, Powell argues that the district court erred by: (i) failing to allow him to allocute before imposing its sentence; (ii) failing to provide an adequate explanation for his sentence; and (iii) failing to address or make clear its consideration of the relevant sentencing factors. The government, in turn, moves to dismiss Powell's appeal, arguing that he knowingly and voluntarily waived his right to appeal. After careful review, and for the reasons we explain, we agree with the government and dismiss the appeal.

"We review the validity and scope of an appeal waiver *de novo*." *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Generally, sentence appeal waivers are enforceable when they are made knowingly and voluntarily. *King*, 41 F.4th at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020)

(explaining that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Powell was originally charged with four counts of production of child pornography, 18 U.S.C. § 2251(a) & (e) ("Counts One through Four"), and one count of possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B) ("Count Five"). Later, he agreed to plead guilty to Count Two and Count Three in a written plea agreement.[1] The government, in exchange, agreed to dismiss Counts Two, Four, and Five. It also agreed to recommend a 50-year total sentence, to be followed by a life term of supervised release.

---

[1] The district court first assured itself that Powell was competent to stand trial and plead guilty. On appeal, Powell does not argue that he was not competent, and we conclude the district court did not err in accepting Powell's plea based on competency concerns.

4                    Opinion of the Court                    23-12565

Under a section titled "RIGHT TO APPEAL AND POST-CONVICTION RELIEF," the plea agreement included a waiver of Powell's right to appeal that provided, in bold letters:

> In consideration of the recommended disposition of this case, . . . Powell, hereby waive[s] and give[s] up [his] right to appeal [his] conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, [he] waive[s] and give[s] up the right to challenge [his] conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which [the] conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding . . . , and any argument that (1) the statute(s) to which [he is] pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).
>
> [However, Powell] reserves the right to contest in an appeal . . . the following: 1. Any sentence imposed in excess of the applicable statutory maximum sentence(s); 2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and 3. Ineffective assistance of counsel.

Powell initialed each page of the plea agreement, signed his name under the waiver provision, and signed at the bottom of the agreement. Powell's attorney also signed the agreement, attesting that he believed Powell understood it and consented to its terms.

At his change of plea hearing, the district court placed Powell under oath and ensured that he was not suffering from any impairment or illness that might affect his ability to understand the proceedings, and Powell confirmed that he was not. It also ensured that he was not under the influence of any drug, medication, or alcohol. The court next asked whether Powell had reviewed the plea agreement, discussed it with his attorney, and understood it, and Powell agreed that he had. Powell also agreed that there were no promises made to him outside the plea agreement. The district court reviewed the terms of the agreement and ensured that Powell understood each one. Turning to the appeal waiver, the district court stated that Powell generally had a right to appeal but that, through the plea agreement, Powell had

> waiv[ed his] right to appeal [his] conviction and sentence . . . with the following limited exceptions: Any punishment in excess of the statutory maximum, any punishment constituting an upward departure of the guideline range, and any claim of ineffective assistance of counsel.

Powell stated that he understood and wished to plead guilty. The district court found Powell's guilty plea to be knowing and voluntary and set the case for sentencing.

Under these circumstances, we are satisfied both that "the district court specifically questioned" Powell "concerning the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and that "it was clearly conveyed to" him "that he was giving up his right to appeal under *most* circumstances," *Boyd*,

975 F.3d at 1192 (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53).  Therefore, Powell's waiver was knowing and voluntarily made and is enforceable.

Powell's arguments on appeal fall within the scope of his waiver and none of the exceptions are implicated.

Powell's sentences for Count One and Three were not in excess of the applicable statutory maximums.  The statutory maximum term for a violation of 18 U.S.C. § 2251(e) is 30 years per count, and the statutory maximum term of supervised release is life.  *See* 18 U.S.C. § 2251(e).  Moreover, as Powell admits, his sentence was not a result of an upward departure or variance from the guidelines range as calculated by the district court.  Finally, Powell has not argued that he received ineffective assistance of counsel.[2]

Powell knowingly and voluntarily waived his right to appeal his sentence, and his challenges on appeal fall within the scope of his waiver.  We, thus, **GRANT** the government's motion to dismiss the appeal.  *Bascomb*, 451 F.3d at 1294, 1297; *Bushert*, 997 F.2d at 1351.

Even when we affirm a sentence, we may *sua sponte* raise clerical errors and remand with instructions to correct them.  *See, e.g.*, *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006); *United*

---

[2] Powell also has not argued that the government breached the plea agreement.  *Cf. United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016) ("[A]n appeal waiver does not bar a defendant's claim that the government breached the plea agreement.").

*States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997); *United States v. Carrasquillo*, 4 F.4th 1265, 1274 (11th Cir. 2021).  Here, the district court's judgment lists that Powell was convicted for Count 3 under "18 U.S.C. § 2251(1) and (e)"; however, the correct statutory citation is 18 U.S.C. § 2251(a) and (e).  *Massey*, 443 F.3d at 822; *Wimbush*, 103 F.3d at 970.  The judgment should be amended accordingly.

Powell's appeal is **DISMISSED**.  The case is **REMANDED** solely for the purpose of correcting the judgment to reflect the crime for which Powell actually was convicted and sentenced.